FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 1 1 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

DIEGO MARADONA HYLTON,

Defendant.

---

15-CR-447

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**Appearances**

**For United States:**

David Norwich Gopstein
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
(718) 254-6153
david.gopstein@usdoj.gov

**For Defendant:**

Jan Alison Rostal
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 330-1207
Jan_Rostal@fd.org

**JACK B. WEINSTEIN**, Senior United States District Judge:

**Table of Contents**

I.    Introduction ............................................................................................................................1
    A.  Instant Offense: Importation of Cocaine into the United States.......................................2
    B.  Arrest ................................................................................................................................2
    C.  Guilty Plea ........................................................................................................................2
    D.  Sentencing ........................................................................................................................3
II.   Offense Level, Category, and Sentencing Guidelines Range..............................................3
III.  Law........................................................................................................................................4
IV.   18 U.S.C. § 3553(a) Considerations.....................................................................................5
V.    Consistency in Sentencing....................................................................................................6
VI.   Sentence................................................................................................................................7
VII.  Conclusion............................................................................................................................7

## I.  Introduction

Defendant Diego Maradona Hylton was born in Kingston, Jamaica, on June 27, 1989. Presentence Investigation Report, Nov. 13, 2015 ("PSR"); Addendum to Presentence Investigation Report, Dec. 7, 2015 ("Addendum PSR"). He was arrested on August 9, 2015 at John F. Kennedy ("JFK") airport, after he admitted to swallowing pellets filled with cocaine. Mr. Hylton has been in federal custody at the Brooklyn Metropolitan Detention Center ("MDC") since the date of his arrest. On October 8, 2015, he pled guilty to importation of cocaine into the United States, in violation of 21 U.S.C. § 952(a), 960(a)(1) and 960(b)(3).

On December 8, 2015, Mr. Hylton was sentenced to time served of approximately four months, three years of supervised release, and $100 special assessment. He is expected to be deported following his release from criminal custody in the present case. *See* Sentencing Hearing Transcript, Dec. 8, 2015 ("Sent. Hr'g"); *see also* PSR at ¶ 35.

### A.  Instant Offense: Importation of Cocaine into the United States

Mr. Hylton was charged with an extremely serious offense: importing cocaine into the United States. On August 9, 2015, he arrived at JFK airport in Queens, New York, aboard a JetBlue flight from Kingston, Jamaica. PSR at ¶ 3. Following an examination by Customs and Border Protection ("CBP") inspectors, Mr. Hylton admitted to having swallowed pellets filled with cocaine. *Id.* He was subsequently found to have ingested 60 pellets, estimated to contain between 400 and 500 grams of cocaine. *Id.* at ¶ 4; Addendum to PSR at 1.

Defendant was expected to earn $40 for each pellet, for a total of $2,400. He had been given $700 in cash prior to his departure for the United States: $200 were to serve to pay for a hotel, while $500 constituted an advance on the amount he was expected to earn. PSR at ¶ 5.

Mr. Hylton admitted that he had previously swallowed drugs and imported them in the United States during a May 2015 trip to Fort Lauderdale, Florida. He did not know the type of drug he was carrying at that time. *Id.* at ¶ 6.

### B.  Arrest

Defendant was arrested on August 9, 2015 upon his arrival at JFK airport in Queens, New York. *Id.* at ¶ 5. He has been in federal custody since the date of his arrest.

### C.  Guilty Plea

On October 8, 2015, Mr. Hylton pled guilty to count one of a two-count indictment. Count one charges that on August 9, 2015, defendant imported cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3). *Id.* at ¶ 1. The applicable statute does not provide for a mandatory minimum term of imprisonment. The maximum term of imprisonment is twenty years. *See* 21 U.S.C. §§ 960(a)(1) and 960(b)(3).

**D. Sentencing**

A sentencing hearing was conducted on December 8, 2015. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

**II. Offense Level, Category, and Sentencing Guidelines Range**

The base offense level is 22, with a criminal history category of I. *See* Addendum to PSR at 1. The offense level was decreased by two points pursuant to U.S.S.G. § 2D1.1(b)(17), as defendant met the "safety valve" criteria set forth in Section 5C1.2: (1) Mr. Hylton does not have more than one criminal history point; (2) he used no violence, threats, or dangerous weapons in connection with the offense; (3) there was no serious bodily harm caused to anyone; (4) he was not an organizer, leader, manager, or supervisor of others in the offense; and (5) he truthfully provided to the government information regarding the offense. The government agreed that the defendant was entitled to this two-level reduction.

The offense level was further reduced by: four points pursuant to U.S.S.G. § 3B1.2(a) because as an internal courier defendant was a minimal participant in the offense; by two points pursuant to U.S.S.G. § 3E1.1(a) for defendant's acceptance of responsibility; and by one point pursuant to U.S.S.G. § 3E1.1(b) because the government was notified in a timely manner of defendant's intention to enter a plea of guilty.

The total adjusted offense level is 13, yielding a Guidelines range of 12 to 18 months imprisonment. *See* PSR at ¶¶ 12-20; Addendum to PSR at 1. The parties do not object to the above Guidelines calculation. *See* Sent. Hr'g.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245–46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) ("It is now, however, emphatically clear that the Guidelines are guidelines-that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

### III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245–46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.  18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is unnecessary. *See* Sent. Hr'g.

Mr. Hylton grew up in dire and dangerous circumstances in Jamaica. He was abandoned by his father at the age of three. While his mother worked hard to make ends meet, Mr. Hylton and his family had to move fifteen times due to severe financial constraints and exposure to gang and drug related violence. *See* PSR at ¶ 30.

Despite the harsh circumstances of Mr. Hylton's childhood, he was a good student, graduating high school in 2006 and subsequently completing a government Youth Service Program. *Id*. at ¶¶ 41-42. Since the age of fourteen, defendant maintained a job to help support his family. *See* Sent. Hr'g; *see also* PSR at ¶ 46. Between June 2009 and May 2015, defendant was employed as a call center analyst, earning a biweekly salary of between $120 and $160. He lost his position as a result of a downsizing scheme. *Id*. at ¶ 45. At the same time, defendant sold fragrances, cosmetics and costume jewelry. *Id*. From June 2015 until his arrest, he was

5

employed on a consultancy basis for Southerland Global Services, providing help desk services for Microsoft users and earning less than $500 a month. *Id.* at ¶ 44.

Until his arrest, Mr. Hylton was responsible for financially supporting both his mother and grandmother; his mother suffers from high blood pressure and is in charge of taking care of defendant's bedridden grandmother. *Id.* at ¶ 31. Together with his fiancé, Mr. Hylton was also supporting his two children: a four year old girl and a three-month baby who was born while Mr. Hylton was in custody in the present matter. *Id.* at ¶ 33.

In February 2015 defendant was robbed. *Id.* at ¶ 45. Finding himself in debt and with a new baby on the way, Mr. Hylton succumbed to a spiral of despair culminating in his arrest in the present case. *See* Sent. Hr'g.

Since his arrest, defendant has been voluntarily working at the MDC as a unit barber. *Id.* at ¶ 36. He has shown remorse for this conduct, and has provided information to the government relating to the offense.

## V. Consistency in Sentencing

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014)

6

(same); *United States v. Florez Parra*, 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same).

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of the defendant, Mr. Hylton is sentenced to time served and a supervised release term of three years. Sent. Hr'g. A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A). No fine is levied because Mr. Hylton has no substantial assets. PSR at ¶¶ 47-48; Sent. Hr'g. The remaining open count was dismissed on the government's motion.

General and specific deterrence are achieved by the sentence imposed. Mr. Hylton pled guilty to an extremely serious offense. However, Mr. Hylton's role in the offense was minimal. He has expressed genuine remorse for his conduct and understands the gravity of his actions. Defendant served approximately four months in prison in a foreign country away from his family, including his newborn who he has yet to meet. He will be deported and suffer the collateral consequences of a felony conviction, as well as the conditions of a three year supervised release term.

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: December 8, 2015
　　　　Brooklyn, New York